**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN GABRIEL HARO-ARRIAGA, | No. 17-71343 |
| Petitioner, | Agency No. A200-157-787 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2018[**]

Before:     WALLACE, SILVERMAN, McKEOWN, Circuit Judges.

Juan Gabriel Haro-Arriaga, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his applications for cancellation of

removal, asylum, withholding of removal, and relief under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Haro-Arriaga waived any challenge to the agency's determination that he cannot establish good moral character under 8 U.S.C. § 1101(f)(7), because he was incarcerated for more than 180 days as a result of a criminal conviction. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver). As the agency's good moral character determination is dispositive, we do not reach Haro-Arriaga's remaining contentions regarding his eligibility for cancellation of removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

Haro-Arriaga waived any challenge to the agency's denial of asylum as untimely filed. *See Corro-Barragan*, 718 F.3d at 1177 n.5. As timeliness is dispositive, we do not reach, and the agency was not required to reach, Haro-Arriaga's remaining contentions regarding his eligibility for asylum. *See Simeonov*, 371 F.3d at 538.

Substantial evidence supports the agency's denial of withholding of removal, where Haro-Arriaga's fear is based on general reports of crime and violence in Mexico. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.")

Substantial evidence supports the agency's denial of CAT protection, where Haro-Arriaga failed to show it is more likely than not that he would be tortured by or with the acquiescence of a government official in Mexico. *See* 8 C.F.R. § 1208.18(a)(1); *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

The record does not support Haro-Arriaga's contentions that he was not permitted to challenge the grounds of removability, that he was denied the opportunity to file a brief, or that his conviction was vacated. Accordingly, Haro-Arriaga's due process contentions fail. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.")

**PETITION FOR REVIEW DENIED.**